CONERY, J.,
concurring in part and dissenting in part.
hi agree with the affirmation dismissing Sheriff Melaneon and the Acadia Parish Sheriffs Office. I disagree, however, with the denial of Summary Judgment as to the City of Crowley.
Louisiana Revised Statutes 46:2142 provides civil immunity for police officers under these circumstances: “Any law enforcement officer reporting in good faith, exercising due care in the making of an arrest or providing assistance pursuant to the provisions of R.S. 46:2140 and 2141 shall have immunity from any civil liability that otherwise might be incurred or imposed because of the report, arrest, or assistance provided.” (Emphasis added).
I disagree with the majority’s conclusion that once the officers assisted Mr. Phillips in gaining entry into the residence, they had a duty to stay under R.S. 46:2140. The officers were called on a courtesy escort at the request of their Police Chief, as requested by Mr. Phillips and his attorney, to help gain entrance to the home and secure his personal belongings. The un-contradicted material evidence introduced on the Motion for Summary Judgment indicates that, after helping Mr. Phillips secure entrance to the home (the locks had been changed by Mrs. Phillips) and standing by for a reasonable time while Mr. Phillips retrieved his personal belongings, the officers informed Mr. Phillips that they had to leave |2for other duties. The officers suggested that Mr. Phillips leave and obtain additional assistance from the Marshall’s office. After talking to his lawyer, Mr. Phillips chose to stay, even asking his lawyer to explain to the officers that he had a right to be there. The officers owed no duty to accompany Mr. Phillips in the first place, since they were on a “courtesy” call. After making sure there were no threats of violence and everyone was safe, they left. Danielle Domingue, a friend of Mrs. Phillips and an employee of the Acadia Parish Sheriffs Office, was there when they left.
Even assuming one or more of the officers may have been aware of past domestic incidents between Kimberly and Mr. Phillips, the prior incidents involved alleged violence and threats by Mr. Phillips against Mrs. Phillips. The officers had no information to suggest Mrs. Phillips was in any way a threat to Mr. Phillips. Ms. Domingue was present before the officers left, and, even according to Mr. Phillips, the situation was calm and peaceful when the officers left.
The officers reported in good faith and exercised due care in providing assistance pursuant to La.R.S. 46:2140. This case is exactly the type of case for which the legislature provided an immunity for police officers rendering assistance in a domestic situation pursuant to La.R.S. 46:2142. To hold otherwise would have a “chilling effect” on all police officers rendering assistance or reporting in good faith on a domestic call. The instant case is distinguishable from Wilson v. Town of Mamou, 07-409 (La.App. 3 Cir. 12/19/07), 972 So.2d 461, writ denied, 08-0198 (La.3/28/08), 978 So.2d 307, cited by the *1249 majority, because in that case, based upon her battered physical condition and her verbalization of her fear, the officer was clearly aware of the imminent danger to Ms. Wilson yet failed to act to at all to escort the victim to her residence or to pick up her children. The undisputed facts of this case are more analogous to the facts in Latiolais v. Guillory, 99-815 (La.App. 8 Cir. 11/3/99), 747 So.2d 675, writ denied, 99-8350 (La.1/28/00), 753 So.2d 832, and writ denied, 1999-3415 (La.1/28/00), 753 So.2d 833, in which the officer had no evidence before him of any immediate danger. As here, the scene before the shooting was calm, -with the shooter in both cases giving no indication or warning of violent behavior. In Latio-lais and in this case, the officers exercised due care based upon the facts before them.
For all of these reasons, I would affirm the Summary Judgment against the City of Crowley and the police officers.